(No. 39508.—

The People of the State of Illinois, Defendant in Error, *vs.* Sam Hryciuk, Plaintiff in Error.

*Opinion filed January 19, 1967.—Rehearing denied March 27, 1967.*

- Ward, J., took no part.

Gerald W. Getty, Public Defender, of Chicago, (James J. Doherty, Marshall J. Hartman, and Frederick F. Cohn, Assistant Public Defenders, of counsel,) for plaintiff in error.

William G. Clark, Attorney General, of Springfield, and Daniel P. Ward, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Elmer C. Kissane and William J. Nellis, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

In 1937 one Caroline Schenke was found murdered in Chicago. On March 14, 1939, the defendant, Sam Hryciuk, was arrested. Four days later he confessed to a crime of rape and was identified by the victim. Two days thereafter he gave a written confession to the 1937 murder. He was not then indicted for the murder, but was indicted, tried and convicted for rape. In March, 1953, in a post-conviction proceeding, the trial court granted the defendant a new trial on the rape conviction. The following day the defendant was indicted for the 1937 murder. His first trial on this charge terminated with a hung jury in June, 1953. In March, 1955, this court affirmed the post-conviction judgment and in June, 1955, the defendant was tried by jury on the murder charge, convicted, and sentenced to the penitentiary for a term of 199 years.

On appeal from this judgment the defendant's sole contention is that he was denied his constitutional right to a speedy trial. The claim is based entirely upon the constitutional right and not upon the so-called "four month rule", (Ill. Rev. Stat. 1955, chap. 38, par. 748), and we therefore have jurisdiction. (Cf. People v. Stuckey, 34 Ill.2d 521). The only evidence connecting the defendant with the murder was his 1939 confession. This was admitted by the prosecutor in his argument against a motion for a new trial. In other words, as stated by counsel for the defendant on this writ of error, the State had no more evidence in 1953 than they had in 1939, namely, a dead body and a confession. The question is whether the 14-year delay between the time when the State had all the available evidence in its possession and the time when it chose to seek an indictment was so prolonged and oppressive that the defendant was deprived of his right to a speedy trial.

The question of whether a pre-indictment delay, as distinguished from a delay between charge and trial, violates

a constitutional right seems to be of fairly recent origin. In a 1952 article in 5 Stanford Law Review 95 entitled "Justice Overdue, Speedy Trial for the Potential Defendant," the author notes that the reported cases were silent on whether the "potential defendant" (one who has not been formally charged with crime) is within the speedy trial guaranty. The article notes that it has been suggested that failure to detect crime is the only proper ground for delay and that once the case against the prospective defendant is complete, the justification for delay vanishes. The author suggests that unreasonable delay in commencing prosecution may be subject to attack under the due-process clause. In *Ross v. United States,* (D.C. cir.) 349 F.2d 210 the court so held. In that case there was only a 7-month delay between a sale of narcotics and the swearing out of a complaint. The delay was deliberate and occasioned by the desire of the authorities to use the same informer and obtain evidence in other cases. The principal evidence against the defendant was given by a witness who found it necessary to refresh his recollection. The court noted that the issue presented was not a speedy trial issue but was a due-process question and held that the intentional delay, to the prejudice of the defendant, deprived him of due process. The holding in *Ross* was foreshadowed by *Mann v. United States,* (D.C. cir.) 304 F.2d 394 where the court stated that the constitutional guarantee protected against undue delays in presenting the formal charge as well as delays between indictment and trial. (Footnote 4, page 396). In *Nickens v. United States,* 323 F.2d 808, the court held that delay between the offense and the charge was not covered by the constitutional provision for a speedy trial, but was subject to the running of the applicable statute of limitations. However, the court noted that delay between offense and prosecution could be so oppressive as to constitute a denial of due process. (Footnote 2, page 810). In the concurring opinion in the case Judge Wright states that the fact that the delay was before

indictment does not immunize it from the constitutional command of a speedy trial and points out that the constitutional right cannot be made to depend upon a statute of limitations. 323 F.2d 803, 812.

In *Petition of Provoo*, 17 F.R.D. 183, the defendant was charged with treason for acts committed from 1942 to 1945 while he was a prisoner of war in a Japanese camp. He was indicted in New York in 1949 and tried in 1952. His conviction was reversed because of improper venue and a new indictment was returned in Maryland in 1954. The Maryland district court discharged the defendant on the ground that he had not received a speedy trial. The court pointed out that the defendant had been confined since 1949 with no opportunity to locate possible witnesses. In such a case, the court held that prejudice was presumed because of the delay. The court rejected the argument that the speedy trial provision of the constitution was inapplicable because of the lack of a statute of limitations on treason and also rejected the claim that the delay occasioned by the New York trial should not be charged to the prosecution, pointing out that the prosecution deliberately picked that venue for a supposed advantage to the government.

We are aware that there is a substantial body of cases holding that the constitutional provision for a speedy trial has no application until after a formal prosecution has commenced. (See *Foley* v. *United States*, (5th cir.) 290 F.2d 562; *Harlow* v. *United States*, (5th cir.) 301 F.2d 361; *Parker* v. *United States*, (6th cir.) 252 F.2d 680; *D'Aquino* v. *United States*, (9th cir.) 192 F.2d 338. These cases hold that delay before a formal charge is governed exclusively by the statute of limitations. The State argues here that since there is no statute of limitations as to murder, an indictment may be brought at any time after the offense without offending the speedy-trial clause. While this argument might, as a general rule, be sound, we reject it in the circumstances of this case.

In 1939 the State had all the evidence on the murder charge that it would ever have, but made a deliberate election to forego prosecution for this offense and tried the defendant on the rape charge. It was not until 1953, when a new trial was ordered on the rape conviction, that the prosecution decided to prosecute the defendant for murder. It is probably a fair inference that if defendant had not been released on the rape conviction the murder charge would never have been brought. It is not necessary to find that the prosecution acted in bad faith, and we do not so find. It is enough, as in *Ross* and *Provoo*, that the delay was a deliberate and calculated one. From a delay of 14 years a presumption of prejudice arises (*Petition of Provoo*, 17 F.R.D. 183, 203; *United States* v. *Chase*, 135 F. Supp. 230 (post-indictment delay of 20 years).) Furthermore, in this case actual prejudice was shown. The defendant challenged the voluntary nature of his confession. The State was unable to produce all of the officers who were present, since one officer had died. The two officers who did testify had little personal recollection and had to refer to the statement and other records to refresh their recollection. On cross-examination of one officer as to the time the statement was taken, he testified that he had no independent recollection and that his testimony was based on the statement itself. The other officer, in response to inquiries as to when he had first seen the defendant, when he had first talked to him, and where the interview took place, stated that he would have to refer to his records. On critical issues dealing with the voluntary nature of the confession, it is apparent that the confession itself and other documents were the actual evidence in support of the confession, since the officers were unable to testify as to these matters except by referring to these documents. Opportunity for effective cross-examination of the officers was diminished under these circumstances.

We hold that, under the unusual facts of .this case, the defendant has been deprived of a speedy trial and due process of law. The judgment of the criminal court of Cook County is reversed.

*Judgment reversed.*

Mr. JUSTICE WARD took no part in the consideration of this case.