STATE, Respondent, v. MIDELL, Appellant.

*No. State 17. Argued October 4, 1968.—Decided November 1, 1968.*
(Also reported in 162 N. W. 2d 54.)

---

[4] Ch. 68, Laws of 1967.

518

For the appellant there was a brief and oral argument by *Harvey L. McCormick* of Milwaukee.

For the respondent the cause was argued by *Terence T. Evans,* assistant district attorney of Milwaukee county, with whom on the brief were *Bronson C. La Follette,* attorney general, and *David J. Cannon,* district attorney.

CONNOR T. HANSEN, J. Five issues are presented for determination on this appeal.

1. Did the interval between the date of the alleged offense and the date of arrest deprive the defendant of due process of law?

2. Did the trial court err in not requiring a witness to disclose the identity of an informer?

3. Were the facts as alleged in the complaint sufficient to permit a finding of probable cause for the issuance of a warrant of arrest?

4. Did the unavailability of the original complaint at the time of trial constitute sufficient grounds for dismissal?

5. Did the trial court err in sentencing the defendant as a second offender pursuant to the provisions of sec. 161.28, Stats.?

1.

*Interval between offense and arrest.*

The record discloses that on April 14, 1966, Hector Jordan, an agent for the Federal Bureau of Narcotics, made a $20 purchase of marijuana from the defendant. Jordan was operating out of the Chicago regional office of the Bureau of Narcotics.

A warrant for the arrest of the defendant was issued April 6, 1967, and served the same day. The defendant had been confined in the Milwaukee county jail as the result of another offense from February 24, 1967, to the date of the arrest.

No claim is made that the defendant was denied a speedy trial due to the interval between the arrest (April 6, 1967) and the trial (November 29, 1967).

The issue presented by the defendant raises a due process question, fifth amendment, and art. I, sec. 8, Wisconsin Constitution. The defendant urges that he was denied due process because of the delay of nearly one year from the date of the offense to the date of arrest.

This is the first time such an application of denial of due process has been presented to this court.

On these grounds the defendant moved for a dismissal of the prosecution. The trial court conducted a pretrial hearing on this motion, and after hearing the evidence offered by both the state and the defendant, the motion was denied.

In situations concerning a prearrest interval of time, the statute of limitations is usually considered the primary guarantee against bringing overly stale criminal charges. *United States v. Ewell* (1966), 383 U. S. 116, 122, 86 Sup. Ct. 773, 15 L. Ed. 2d 627, 632. However, a substantial majority of state and federal jurisdictions confronted with this issue have recognized that a statute of limitations is not the sole standard by which delay between offense and arrest is to be measured.[1]

The defendant supports his position with *Ross v. United States* (D. C. Cir. 1965), 349 Fed. 2d 210. In reversing, the District of Columbia Court of Appeals considered the interval of seven months between the date of the offense and the date of arrest a deprivation of the defendant's fifth amendment due process rights. Initially it can be stated that we do not consider *Ross* to be the law of this case. Furthermore, *Ross* is readily distinguishable from the facts in this case. For instance, in *Ross* the enforcement officers knew of the defendant's whereabouts during the entire seven month delay.

In post-arrest cases this court has determined that the mere lapse of time is insufficient to establish a denial

---

[1] *See Bond v. United States* (D. C. Cir. 1967), 233 Atl. 2d 506; *United States v. Hauff* (7th Cir. 1968), 395 Fed. 2d 555; *United States v. Feinberg* (2d Cir. 1967), 383 Fed. 2d 60; *Schlinsky v. United States* (1st Cir. 1967), 379 Fed. 2d 735; *Terlikowski v. United States* (8th Cir. 1967), 379 Fed. 2d 501; *United States v. Harbin* (4th Cir. 1967), 377 Fed. 2d 78; *Woody v. United States* (D. C. Cir. 1966), 370 Fed. 2d 214; *Ross v. United States* (D. C. Cir. 1965), 349 Fed. 2d 210; *People v. Gilmore* (1965), 239 Cal. App. 2d 125, 48 Cal. Rptr. 449; *People v. Hryciuk* (1967), 36 Ill. 2d 500, 224 N. E. 2d 250; *State v. Hodge* (1966), 153 Conn. 564, 219 Atl. 2d 367. *Contra, Bruce v. United States* (5th Cir. 1965), 351 Fed. 2d 318, certiorari denied (1966), 384 U. S. 921, 86 Sup. Ct. 1370, 16 L. Ed. 2d 441; *Harlow v. United States* (5th Cir. 1962), 301 Fed. 2d 361; *Foley v. United States* (8th Cir. 1961), 290 Fed. 2d 562; *Hoopengarner v. United States* (6th Cir. 1959), 270 Fed. 2d 465; *Parker v. United States* (6th Cir. 1958), 252 Fed. 2d 680; *D'Aquino v. United States* (9th Cir. 1951), 192 Fed. 2d 338.

of a speedy trial. *Commodore v. State* (1967), 33 Wis. 2d 373, 377, 147 N. W. 2d 283. Absent the tolling of the statute of limitations we see no reason to hold that lapse of time, standing alone, should be sufficient grounds to demonstrate a denial of due process in prewarrant situations.

An examination of the record of the pretrial hearing and of the trial reveals ample justification for the interval between the offense and the arrest and fails to reflect any evidence of a denial of due process.

At the pretrial hearing Agent Jordan testified it was his intention to make more and larger purchases of marijuana from the defendant, that it is customary to make several purchases, and that the defendant told him he could get larger amounts. Defendant testified that on the day after the alleged purchase he went to Detroit. He specifically remembered certain clothing purchases he made and the time the bus left, but could not remember any of his activities of the day before. He made trips to Toledo and Minneapolis between April 14, 1966, and his incarceration on February 24, 1967. The agents were looking for him during this time. The Detroit agents were notified that he was wanted. The agents received information that the defendant might have gone to Texas. Though the defendant claims to have been in Milwaukee most of the year between the alleged offense and arrest, he testified at the pretrial hearing that he moved but did not use his own address for mail as, "I never wanted anyone to know where I lived." Also the record reflects that the warrant was obtained within a few days after the federal narcotics agents learned that the defendant was in the Milwaukee jail.

The defendant presented absolutely no defense and in our opinion the record is barren of any demonstration of prejudice to the defendant as a result of the delay in arrest.

We, therefore, conclude that the trial court properly denied the motion to dismiss.

## 2.

### *Identity of an informer.*

Hector Jordan testified that he made the purchase of the marijuana from the defendant. Agent Jordan was the complainant and one of the principal witnesses at the trial.

In cross-examining Jordan, counsel for the defendant sought to have him disclose the identity of an informer who told him that the defendant would be present at the time and place the offense is alleged to have taken place. Objections to this cross-examination were taken by the state and sustained by the court.

Defendant now submits that the trial court erred in not requiring Jordan to disclose the identity of such an informer.

The identity of an informer may be required where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of the accused. However, in this case the identity of the informant is not even remotely relevant to the issue of guilt or innocence. *Roviaro v. United States* (1957), 353 U. S. 53, 60, 77 Sup. Ct. 623, 1 L. Ed. 2d 639, 645.

This court and the United States Supreme Court have recognized that the identity of an informer need not always be disclosed. *Stelloh v. Liban* (1963), 21 Wis. 2d 119, 126, 127, 124 N. W. 2d 101; *McCray v. Illinois* (1967), 386 U. S. 300, 310, 87 Sup. Ct. 1056, 18 L. Ed. 2d 62.

In this case we conclude that the trial court did not err in not requiring the witness to identify the informer.

## 3.

### *Sufficiency of complaint.*

The defendant asserts that the allegations contained in the complaint were not sufficient to permit a finding of probable cause upon which to issue a warrant for defendant's arrest.

The complaint and warrant were both executed on April 6, 1967. Defendant was arrested the same day. A preliminary examination was had before a county judge sitting as magistrate and the defendant was bound over to circuit court for trial.

He was arraigned in circuit court on an information on May 19, 1967, pleaded not guilty, and trial was set for July 18, 1967. July 7, 1967, on motion of defendant, the trial date was adjourned to September 19, 1967. There were further adjournments and the case was ultimately tried November 29, 1967.

After arraignment in circuit court, but before trial, the defendant moved for a dismissal on the basis of the insufficiency of the complaint.

We are of the opinion that the trial court properly denied this motion.

We do not reach the alleged constitutional question raised by the appellant. Such an objection, assuming one existed, was waived because it was not raised until long after the defendant pleaded to the information in circuit court. *Gaertner v. State* (1967), 35 Wis. 2d 159, 150 N. W. 2d 370; *State ex rel. La Follette v. Raskin* (1966), 30 Wis. 2d 39, 139 N. W. 2d 667; *State ex rel. La Follette v. Moser* (1966), 30 Wis. 2d 56, 139 N. W. 2d 632.

In any event, we have examined the record, considered the arguments advanced by counsel and conclude that the complaint was not constitutionally defective.

### 4.

*Unavailability of original complaint.*

November 29, 1967, the date of the trial, the court, the prosecutor and the defendant's attorney discovered for the first time that the original complaint was not a part of the trial court record.

Defendant thereupon moved for a dismissal and the trial court denied the motion. We are of the opinion that the decision of the trial court on this motion was correct.

Several copies of the original complaint were available and the record convinces us that an original complaint issued in this case. In fact, the defendant does not directly argue that there was none.

Furthermore, after the preliminary examination had been conducted and probable cause determined, the defendant was bound over to the circuit court for trial. Following the bindover an information was filed to which the defendant entered a plea on May 19, 1967, and was tried.

In felony cases the information is the accusatory pleading under our criminal procedure and its filing is not jurisdictionally dependent upon a valid complaint. *Pillsbury v. State* (1966), 31 Wis. 2d 87, 93, 142 N. W. 2d 187. At the time of the arraignment on the information no objection was made to any of the proceedings in the lower court.

The fact that the original complaint is now missing does not vitiate the conviction of the defendant.

### 5.

*Second offender sentence.*

The trial court determined that the defendant was a second offender within the purview of sec. 161.28, Stats.,

and thereupon imposed the mandatory minimum sentence of five years.

The crime which is the basis of this appeal and upon which the second offender penalty was invoked, was committed April 14, 1966. The defendant was convicted of this crime on November 29, 1967.

Between these two dates the defendant committed, and was convicted of, another narcotics violation.

A review of the applicable statutes brings us to the conclusion that the defendant should not have been sentenced as a second offender for the offense that was committed April 14, 1966.

### *Applicable Statutes.*

"Sec. 161.28 **Penalties; sentence; probation and parole; evidence and procedure on prior convictions.**
" . . . .
"(3) The procedure for charging and *determining prior convictions* under this section shall be as provided in s. 959.12 (1)." (Emphasis added.)

"Sec. 959.12. **Sentence of repeater.** (1) How PRIOR CONVICTION CHARGED AND DETERMINED. Whenever a person charged with a crime *will be a repeater as defined in s. 939.62* if convicted, any prior convictions may be alleged in the complaint, indictment or information or amendments so alleging at any time before or at arraignment, and before acceptance of any plea. The court may, upon motion of the district attorney, grant a reasonable time to investigate possible prior convictions before accepting a plea. If such prior convictions are admitted by the defendant or proved by the state he shall be subject to be sentenced under s. 939.62 unless he establishes that he was pardoned on grounds of innocence for any crime necessary to constitute him a repeater. . . ." (Emphasis added.)

"Sec. 939.62 **Increased penalty for habitual criminality.**
" . . . .
"(2) The actor is a repeater *if he was convicted of a felony during the 5-year period immediately preceding the commission of the crime for which he presently is being sentenced, . . .*" (Emphasis added.)

We read the language of these statutes to mean that one who is being sentenced as a second offender under a felony statute must have been convicted of a felony during the five-year period immediately *preceding the commission* of the crime for which he is presently being sentenced.

We recognize that sec. 161.28, Stats., in providing for enhancement of penalty, uses the words "second offense" whereas sec. 959.12 uses the word "conviction." However, this court has previously determined that the use of the word "offense" as used in a repeater statute means conviction. *Faull v. State* (1922), 178 Wis. 66, 189 N. W. 274; *Meyers v. State* (1927), 193 Wis. 126, 213 N. W. 645.

Also such an application of the statutes is in conformance with the general and majority rule adopted in other jurisdictions.[2] Regardless of the particular phraseology of repeater statutes, their inherent purpose is to serve as a warning to first offenders. The infliction of more severe punishment for a repeater is based upon his persistent violation of the law after conviction for previous infractions. Whether the word "offense" or "conviction" is used it is generally held that it is a prerequisite that the prior "conviction" or "offense" must precede the commission of the principal offense in order to enhance the punishment under a repeater statute.

Therefore, inasmuch as the defendant was sentenced as a second offender, we have determined to remand for resentencing. He should be sentenced as a first offender for his conviction of November 29, 1967. In connection with such resentencing, the trial court should give consideration to the time the defendant has already served.

*By the Court.*—Judgment of conviction affirmed, but the sentence is vacated. The warden of the Wisconsin state prison is ordered to remand custody of Lynn Midell

---

[2] 24 A. L. R. 2d 1247.

to the sheriff of Milwaukee county preceding his resentence by the circuit court for Milwaukee county.

WILKIE, J. (*concurring*). I agree with the majority that the delay in the prosecution of this case did not amount to a denial of due process. The majority points out that a statute of limitations is not the sole standard by which delay between offense and arrest is to be measured, but in doing so it fails to state any criteria for determining when a delay (less than that permitted by the statute of limitations) in prosecution amounts to a denial of due process.

I would adopt standards similar to those set forth in *Bond v. United States*.[1] In that case the court determined that in deciding whether there has been a denial of due process the court should weigh (1) the amount of delay involved, (2) who caused the delay, (3) whether the delay was purposeful, *i.e.*, did the government make " 'a deliberate choice for a proposed advantage, which caused as much oppressive delay and damage to the defendant as it would have caused if it had been made in bad faith,' "[2] (4) was the defendant prejudiced, and (5) was there a waiver by defendant.

In applying these criteria to the facts before us, I concur in the holding of the majority that there was no denial of due process.

I am authorized to state that Mr. Chief Justice HALLOWS joins in this opinion.

HEFFERNAN, J. (*concurring*). I concur in the result, but to the extent that the opinion may be interpreted as holding that factors other than the running of the statute of limitations constitute a denial of the due process right of speedy and timely prosecution, I respectfully disagree. The statutory period as set by the legislature

---

[1] (D. C. Cir. 1967), 233 Atl. 2d 506.

[2] *Bond v. United States, supra*, footnote 1, at page 512.

must determine the right of a district attorney to commence a prosecution.

I am authorized to state that Mr. Justice ROBERT W. HANSEN joins in this concurrence.