GONZALES, Plaintiff in error, v. STATE, Defendant in error.

*Nos. State 136, 137. Argued June 1, 1970.—Decided June 26, 1970.*
(Also reported in 177 N. W. 2d 843.)

For the plaintiff in error there were briefs and oral argument by *David L. Walther* of Milwaukee.

For the defendant in error the cause was argued by *Terence T. Evans,* assistant district attorney of Milwaukee county, with whom on the brief were *Robert W. Warren,* attorney general, and *E. Michael McCann,* district attorney.

CONNOR T. HANSEN, J.

*Interval between offense and arrest.*

Defendant argues the delay between the offense of sale of heroin and the arrest entitles him to a judicial inquiry as to whether such delay was unreasonable and prejudicial and cites *Ross v. United States* (D. C. Cir. 1965), 349 Fed. 2d 210; *Woody v. United States* (D. C. Cir. 1966), 370 Fed. 2d 214; *Godfrey v. United States* (D. C. Cir. 1966), 358 Fed. 2d 850; and *State v. Rountree* (1969), 106 N. J. Super. 135, 254 Atl. 2d 337. However, substantially the same contention was made in *State v. Midell* (1968), 40 Wis. 2d 516, 520–522, 162 N. W. 2d 54, and is dispositive of defendant's argument:

"The issue presented by the defendant raises a due process question, fifth amendment, and art. I, sec. 8, Wisconsin Constitution. The defendant urges- that he was denied due process because of the delay of nearly one year from the date of the offense to the date of arrest.
". . . .
"In situations concerning a prearrest interval of time, the statute of limitations is usually considered the primary guarantee against bringing overly stale criminal charges. *United States v. Ewell* (1966), 383 U. S. 116, 122, 86 Sup. Ct. 773, 15 L. Ed. 2d 627, 632. However, a substantial majority of state and federal jurisdictions confronted with this issue have recognized that a statute of limitations is not the sole standard by which delay between offense and arrest is to be measured.
". . . .
"In post-arrest cases this court has determined that the mere lapse of time is insufficient to establish a denial of a speedy trial. *Commodore v. State* (1967), 33 Wis. 2d 373, 377, 147 N. W. 2d 283. Absent the tolling of the statute of limitations we see no reason to hold that lapse of time, standing alone, should be sufficient grounds to demonstrate a denial of due process in prewarrant situations."

Defendant's only argument or claim of prejudice is that he could not remember what transpired on November 28, 1967, the date of the sale of heroin to agent Jordan. On the other hand, the record indicates sufficient justification for the interval between the offense and the arrest. Jordan, working undercover, was conducting an investigation which commenced November 1, 1967, and terminated in late February, 1968, when it was suspected his identity had become known. The investigation concluded with the issuance of approximately eight warrants, including the one for the arrest of the defendant. As soon as his identity became known, as a result of the issuance of the warrants, he could no longer continue his undercover investigation and warrants were promptly issued.

The three-month delay between offense and arrest was justified. The defendant asks remand for further hearing on this issue. The record in this case does not indicate the necessity for such a proceeding.

*Sentencing.*

The manner in which this court reviews sentences is well established.

"While it is now settled that this court has the power to review the sentence imposed by the trial court, it is equally well established that it does so only with the utmost reluctance and only in unusual cases. [*See, State v. Tuttle* (1963), 21 Wis. 2d 147, 124 N. W. 2d 9; *Jung v. State* (1966), 32 Wis. 2d 541, 145 N. W. 2d 684; *Nelson v. State* (1967), 35 Wis. 2d 797, 151 N. W. 2d 694; *Price v. State* (1967), 37 Wis. 2d 117, 154 N. W. 2d 222; *State v. Beal* (1968), 40 Wis. 2d 607, 162 N. W. 2d 640.] The rationale is that the trial court has the advantage in considering all relevant factors, including the opportunity to observe the defendant." *Cheney v. State* (1969), 44 Wis. 2d 454, 469, 171 N. W. 2d 339, 174 N. W. 2d 1.

The record discloses the defendant was first sentenced to an indeterminate term of not less than two nor more than ten years for the sale of heroin. The trial court then considered the matter of sentencing on the charge of possession of heroin to which the defendant had pled guilty. A sentence was imposed of not less than two nor more than six years on this charge, which sentence was to run concurrently with the sentence imposed for sale of heroin.

When the sentence was imposed on the possession charge, the court inquired of the defendant as to whether there was anything he wished to say before sentence was imposed. The defendant responded, saying "I would like if it is possible, I would like to be committed to the Federal Center at Lexington." The trial court stated the presentence report indicated the defendant was not sincere in his request to be committed to the federal institution and that he agreed with that conclusion. On appeal, defendant concedes the record adequately supports the sentence imposed but argues the reference to insincerity by the trial court, together with the absence of the presentence report in the record [1] requires that this case be remanded for a factual determination as to why the trial court was of the opinion the defendant was not sincere in his request. We do not agree.

The trial judge who passed sentence on the defendant had also accepted the defendant's plea of guilty on the possession charge and conducted the trial on the charge of sale of heroin. The reference to insincerity, made while sentencing, was not based on the presentence report, rather, the record shows the trial court agreed with the report. In addition, the minimum sentence that could be imposed under the statute is two years and the maximum is ten years. The trial court imposed a maximum sentence of six years to run concurrently with the pre-

[1] *See Embry v. State* (1970), 46 Wis. 2d 151, 174 N. W. 2d 521, 525.

viously imposed maximum sentence of ten years. We find no abuse of discretion by the trial court in the imposition of the sentence on either the charge of possession or sale of heroin, and the judgments and sentences are supported by the record.

*By the Court.*—Judgments affirmed.