PER CURIAM.
¶ 1 Geoffrey Hesser appeals a judgment, entered upon a jury's verdict, convicting him of second-degree sexual assault by use or threat of force or violence, contrary to WIS. STAT . § 940.225(2)(a) (2015-16).[1] Hesser contends that the circuit court erroneously exercised its discretion by: (1) permitting the State to amend the Information on the first morning of his trial; (2) excluding portions of a Facebook Messenger conversation between Hesser and the victim of the assault, Annie[2] ; and (3) denying Hesser's request to allow the jury to view Annie's car, where the assault occurred. Hesser also contends that the combined effect of these errors deprived him of his constitutional right to present a complete defense. We reject Hesser's arguments and affirm.
BACKGROUND
¶ 2 On the evening of October 25, 2015, Hesser had penis-to-anus contact with Annie in her car. Annie told police that the contact was not consensual and occurred after she reached into the back seat of the car to attend to her and Hesser's crying four-month-old daughter. She also stated that, prior to this sexual contact, she and Hesser had spent the evening arguing, and he had unsuccessfully tried to convince her to perform oral sex on him.
¶ 3 The State charged Hesser with multiple offenses, including second-degree sexual assault for the penis-to-anus contact and attempted second-degree sexual assault for Hesser's attempt to have Annie perform oral sex on him.[3] Regarding the second-degree sexual assault count, the State originally alleged in an Information that Hesser had non-consensual penis-to-anus contact with Annie "by threat of violence."
¶ 4 Prior to trial, the State filed a motion in limine seeking to admit, as other acts evidence, portions of Facebook Messenger conversations between Hesser and Annie. The State proffered these messages to show Hesser's pattern of controlling behavior toward Annie. At a pretrial hearing, the circuit court concluded that the Facebook messages were admissible not as other acts evidence, but as evidence of Hesser "grooming" Annie and "setting [Annie] up for this incident." After the hearing, defense counsel disclosed seventy-one additional pages of Facebook messages between Hesser and Annie. The State moved the circuit court to make a pretrial ruling on the admissibility of these additional messages. The court held a hearing, but it ultimately decided to reserve its ruling on the admissibility of these additional messages until trial.
¶ 5 Hesser also filed a pretrial motion requesting a jury view of Annie's car. In support, he argued that it would be helpful for the jury to personally see the alleged crime scene. The circuit court denied the request, finding that jurors would be generally familiar with the interior of a vehicle. Further, the court concluded that the specific characteristics of Annie's vehicle could be presented adequately to the jury through photographs, and that the use of photographs would save time at trial.
¶ 6 On the first morning of trial, the State moved to amend the Information. Specifically, the State requested that the charging language "by threat of violence" in the second-degree sexual assault charge be amended to read "by use or threat of force or violence." The State argued that the proposed amendment was consistent with statutory language and would "more accurately reflect the evidence that will be adduced at trial." The circuit court allowed the amendment, over defense counsel's objection, finding that the proposed change was minor and consistent with both WIS. STAT . § 940.225(2)(a) and case law. Further, the court concluded that the amendment would not prejudice Hesser's defense.
¶ 7 At trial, Annie testified she did not consent to the penis-to-anus sexual contact with Hesser on the night in question. Defense counsel attempted to impeach this testimony by introducing portions of the Facebook messages on which the circuit court had previously reserved an admissibility ruling. The court sustained the State's objection to this evidence, and made a record of its decision outside the presence of the jury. The court stated it excluded the messages-which all involved sex talk between Annie and Hesser in which she indicated she wanted to have anal sex with him-because any evidence of a prior consensual relationship between Annie and Hesser would not necessarily mean she consented to the sexual contact at issue. Further, the court determined that the messages' "minimal relevance" was outweighed by their potential prejudicial effect and their likelihood to confuse the jury.
¶ 8 Hesser testified in his own defense, and he admitted that he had penis-to-anus sexual contact with Annie on the night in question. However, he stated that Annie consented to the sexual contact. Specifically, he told the jury that Annie positioned herself between the front seats of her car and he "penetrated her [anus] roughly about an inch." He said that as soon as Annie told him she was in pain, he stopped and the encounter ended.
¶ 9 The jury ultimately convicted Hesser of second-degree sexual assault for the penis-to-anus contact, by use or threat of force or violence. However, it acquitted Hesser of attempted second-degree sexual assault for his alleged attempt to have Annie perform oral sex on him. Hesser now appeals.
DISCUSSION
¶ 10 On appeal, Hesser contends the circuit court erroneously exercised its discretion by: (1) allowing the State to amend the Information on the first morning of trial; (2) excluding the Facebook messages that Hesser sought to introduce to impeach Annie's testimony; and (3) denying Hesser's motion to have the jury view Annie's car. Further, Hesser contends that the combined effect of these alleged errors deprived him of his constitutional right to present a defense. We address each of Hesser's arguments in turn.
1. Amendment of the Information
¶ 11 Hesser argues that the State's amendment of the Information on the morning of trial prejudiced his defense. A circuit court has the discretion to allow the State to amend an Information at any time before trial. State v. Derango , 2000 WI 89, ¶ 49, 236 Wis. 2d 721, 613 N.W.2d 833. We will not reverse a court's exercise of that discretion unless an amendment prejudices the defendant's rights. State v. Neudorff , 170 Wis. 2d 608, 615, 489 N.W.2d 689 (Ct. App. 1992). The defendant's rights include the rights to notice and the opportunity to present a defense. Id. These rights are not prejudiced if the "amendment does not change the crime charged and the alleged offense remains the same and results from the same transaction." Derango , 236 Wis. 2d 721, ¶ 50.
¶ 12 Hesser concedes that the State's amendment-from "by threat of violence" to "by use or threat of force or violence"-did not change the crime charged and that the State made no additional factual allegations. Rather, Hesser argues that the practical effect of the amendment was to change the alleged offense, because "[v]erbally coercing a woman to have sex is not the same as forcibly raping her." Further, Hesser argues that the amendment prejudiced him because it imbued certain evidence concerning Annie's injuries-specifically, a pressure mark on Annie's back and an anal laceration-with new significance. Hesser reasons that he was prepared to address these physical injuries as part of a consensual sexual encounter, but he could not be prepared to address or explain them as part of a forceful non-consensual encounter.
¶ 13 We are not persuaded. Hesser admits that his original theory of defense-which he presented to the jury-was that he and Annie did in fact have a consensual sexual encounter, and that this encounter caused the pressure mark and anal laceration. In other words, Hesser admits that he was aware of the factual allegations against him-including Annie's physical injuries-and that he was able to prepare and present a defense to those allegations. If Hesser asserts Annie's injuries merely tended to show sexual contact occurred, there would be no reason to change his defense strategy, even with the added allegation that the contact occurred with use of force.
¶ 14 As the State notes, Hesser fails to provide any explanation for how these injuries could have occurred, apart from a consensual sexual encounter. Hesser does make the conclusory argument that, with notice, he may have been able to provide alternate explanations for the injuries or that he could have possibly offered expert testimony about the difficulty of sourcing the injuries. However, he acknowledges he has no idea what counsel could or would have argued differently with notice. His self-serving, speculative assertions are not enough to show actual prejudice. See State v. Blanck , 2001 WI App 288, ¶ 23, 249 Wis. 2d 364, 638 N.W.2d 910. Therefore, the circuit court did not err by permitting the amendment to the Information.
2. Exclusion of the Facebook messages
¶ 15 Hesser next argues that the circuit court erred by excluding the Facebook messages that Hesser sought to introduce to impeach Annie's testimony. We review a circuit court's decision to exclude evidence for an erroneous exercise of discretion. State v. Dorsey , 2018 WI 10, ¶ 24, 379 Wis. 2d 386, 906 N.W.2d 158. A court erroneously exercises its discretion when it applies an improper legal standard or makes a decision that is not reasonably supported by the record. Id.
¶ 16 The messages that Hesser sought to admit were all taken from a conversation that occurred between midnight and 3:00 a.m. on October 18, 2015, approximately one week before the alleged assault. As summarized by defense counsel, "the messages did involve how [Annie] messaged [Hesser] asking for anal sex, hard and not lubed; messages saying that she wanted to be raped and be screaming no and that he just continue; messages that [Hesser] said, would you like to role play in the car and [Annie] said yes."
¶ 17 The circuit court decided to exclude these messages, not because they violated a specific evidentiary rule, but because it determined that their "minimal relevance" was outweighed by their unfair prejudice and their potential "to confuse the jury regarding the issue at hand." In other words, the court excluded the messages after employing the familiar balancing test of WIS. STAT . § 904.03. See State v. Walters , 2004 WI 18, ¶ 28, 269 Wis. 2d 142, 675 N.W.2d 778.
¶ 18 We agree with the State that the record shows the circuit court's decision was not an erroneous exercise of its discretion. As Hesser notes, the messages Annie sent to Hesser all involved discussion of "rough but consensual anal sex." However, Hesser ignores the broader context in which the messages were sent. Annie sent the messages at issue to Hesser after he requested that she send him explicit photographs and engage in sex talk with him while he masturbated. And the messages at issue were all sent after Hesser told Annie that "my anger appears so just always be ready to do what I say OK?" Hesser also told Annie during the conversation to "let your freak out," to "get nasty," and to "keep up with the compliance."
¶ 19 In this context, the full messages can be reasonably read to show that Annie was a somewhat unwilling participant in sex talk involving "rough but consensual anal sex" a week before the alleged assault at issue. The circuit court found this sex talk had, at best, a low probative value as to whether Annie consented to anal sex one week later, while attending to her crying infant in the back seat of her car. It was rational for the circuit court to conclude that this low probative value was substantially outweighed by the danger that the jury might conclude that, simply because Annie engaged in the sex talk, she consented to the sex act a week later. We conclude that the court applied a correct legal standard and made a decision that is reasonably supported by the record. Accordingly, the court did not erroneously exercise its discretion by keeping the messages from the jury.
3. Denial of the jury view of Annie's car
¶ 20 Hesser also argues that the circuit court should have allowed a jury view of Annie's car. A court has the discretionary authority to determine whether to allow a view of a crime scene by the jury. WIS. STAT . § 972.06 ; State v. Coulthard , 171 Wis. 2d 573, 588, 492 N.W.2d 329 (Ct. App. 1992). As with other discretionary decisions, we will uphold the court's decision as long as it examined the relevant facts, applied a proper legal standard, and reached a reasonable conclusion. See State v. Muckerheide , 2007 WI 5, ¶ 17, 298 Wis. 2d 553, 725 N.W.2d 930.
¶ 21 Here, the record shows the circuit court did not erroneously exercise its discretion when it denied Hesser's request for a jury view of Annie's car. The court explained that the jurors would be familiar with the interior of a car, and that photographs of Annie's car would adequately demonstrate the specifics of the car's layout. Further, the court concluded the use of photographs, as opposed to having the jury leave the courtroom to view the car, would save court time.
¶ 22 Hesser argues the circuit court's decision was erroneous because the parties disputed details of the assault at trial, and Annie's description of the assault was inconsistent with the cramped space in which the assault occurred. He contends that because a direct view is much better than photographic evidence, the circuit court should have permitted a jury view.
¶ 23 Hesser's argument fails because it ignores our standard of review. Even if we were to agree with Hesser that a view of Annie's car would have been "better" than a photograph of the car's interior, that does not render the circuit court's decision unreasonable or erroneous. We also note that, although Hesser argues "an important aspect" of his defense was the inconsistency of Annie's story with the cramped space within her car, the record shows that the dimensions of the car were never a real issue at trial. Both Annie and Hesser testified that the sexual contact occurred while Annie was positioned between the front seats of the car and reaching into the back seat. The only issue was whether the sexual contact that occurred while Annie was in this position was consensual. Given this limitation, we cannot conclude the circuit court's conclusion that photographs would be sufficient to show the crime scene to the jury was an erroneous exercise of its discretion.
4. Complete defense
¶ 24 Finally, Hesser argues that the combined effect of the circuit court's errors deprived him of his constitutional right to present a complete defense. However, we have rejected each of Hesser's challenges on their merits. Combining these meritless claims does not create a winning claim, because zero plus zero remains zero. See Mentek v. State , 71 Wis. 2d 799, 809, 238 N.W.2d 752 (1976).
By the Court. -Judgments affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)5.

At trial, the jury also convicted Hesser of disorderly conduct. However, the circuit court entered a separate judgment of conviction for this count. That judgment also included a conviction for misdemeanor bail jumping, which was entered pursuant to Hesser's pretrial, no-contest plea to that crime. Hesser also appeals from that separate judgment, but he concedes that he does not raise any grounds that would entitle him to relief from that judgment, apart from the challenges he makes to his judgment of conviction for the sexual assault. As there are no distinct issues before us relating to the disorderly conduct and misdemeanor bail jumping convictions, we will not discuss them further. All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.

Pursuant to the policy underlying Wis. Stat. Rule 809.86(4), we use a pseudonym instead of the victim's name.

We note that the police report attached to the criminal complaint stated that Hesser "only verbally tried to convince [Annie] to give him oral sex and did not use any physical force." Whether this allegation, standing alone, constitutes a sufficient factual basis for an attempted second-degree sexual assault charge is not at issue, however, because the jury ultimately acquitted Hesser on this count.