STATE of Wisconsin, Plaintiff-Respondent,

v.

Walter W. BLANCK Sr., Defendant-Appellant.†

Court of Appeals

*No. 01–0282–CR. Submitted on briefs October 17, 2001.—
Decided November 21, 2001.*

2001 WI App 288

(Also reported in 638 N.W.2d 910.)

---

† Petition to review denied 2-19-02.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael J. Backes* of *Law Offices of Michael J. Backes* of Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *William C. Wolford*, assistant attorney general, and *James E. Doyle*, attorney general.

Before Brown, Anderson and Snyder, JJ.

¶ 1. SNYDER, J. Walter W. Blanck, Sr. appeals from judgments of conviction for false imprisonment, kidnapping, battery, and three counts of second-degree sexual assault by threat or use of force or violence with a dangerous weapon. Blanck argues that his constitu-

tional speedy trial and due process rights were violated by the six-year delay in charging him and therefore his judgments of conviction must be reversed. He further argues that he is entitled to a new trial in the interests of justice and pursuant to the "plain error" doctrine. We disagree with all of Blanck's contentions and affirm the judgments of conviction.

## FACTS[1]

¶ 2. During the course of October 3, 1990, Blanck called and visited A.H. in the Milwaukee area several times. At some point during one of the visits, Blanck offered to drive A.H. to a convenience store for cigarettes; A.H. agreed. After leaving the convenience store, Blanck informed A.H. that he had to drive to a friend's house in Mukwonago to drop off some money. A.H. informed Blanck that she needed to be home by the time her boyfriend came home from work. Blanck assured her that he would have her home on time.

¶ 3. Blanck then drove to Highway 164 in Waukesha county, where he stopped the car on the side of the

---

[1] Neither party has provided in the briefs on appeal consistent citations to the record to corroborate the facts set out in those briefs but instead frequently cites to both parties' appendices. Such failure is a violation of WIS. STAT. RULE 809.19(1)(d) and (3) (1999–2000) of the rules of appellate procedure, which requires parties to set out facts "relevant to the issues presented for review, with appropriate references *to the record*." (Emphasis added.) An appellate court is improperly burdened where briefs fail to consistently and accurately cite to the record. *Meyer v. Fronimades*, 2 Wis. 2d 89, 93–94, 86 N.W.2d 25 (1957). We therefore hold the parties to those facts undisputed in their briefs.

All references to the Wisconsin Statutes are to the 1999–2000 version unless otherwise noted.

road in a rural area. Blanck informed A.H. that he had to put money in the trunk and he insisted that she get out of the car with him. After A.H. walked to the back of the car, Blanck ordered her into the trunk. A.H. refused and the two struggled as Blanck attempted to force her into the trunk of the car. Blanck punched A.H. in the face more than once, grabbed her and threw her in the trunk of the car, slamming the lid down onto her head several times.

¶ 4. Blanck then proceeded to drive around with A.H. in the trunk of the car; A.H. was unsure where they were at any given time as Blanck drove her from one location to another, occasionally stopping the car, forcing her to remove clothing until she was completely nude, and threatening to kill her. At some point, Blanck taped her hands, mouth and eyes with duct tape. Blanck also used a baseball bat to sexually assault her. He urinated on her and repeatedly abused her, all the while continually threatening to kill her.

¶ 5. At approximately 12:40 a.m. on October 4, 1990, Blanck's car was pulled over by a Spring Grove, Illinois police officer in McHenry County, Illinois. During the course of the traffic stop, police heard A.H. scream and bang her head in the trunk. Illinois police officers found A.H. in the trunk, completely nude with duct tape around her head, covering both eyes and her nose area, mouth, chin and neck. Blanck was then arrested by Illinois law enforcement.

¶ 6. On October 10, 1990, Blanck was indicted in McHenry County, Illinois on three charges: aggravated kidnapping, attempted first-degree murder, and aggravated criminal sexual assault. At trial, Blanck was convicted of aggravated kidnapping and aggravated criminal sexual assault; he was sentenced to thirteen years in prison on the kidnapping charge and sixty

years on the sexual assault charge, each sentence consecutive to one another, for a total of seventy-three years in prison.

¶ 7. Blanck appealed these convictions and on June 14, 1994, the aggravated criminal sexual assault charge was reversed and vacated; the Illinois appellate court ruled that the evidence was insufficient to establish jurisdiction on that charge. The aggravated kidnapping conviction was affirmed, but the thirteen-year prison sentence was vacated and the case was remanded to the trial court for resentencing.

¶ 8. At resentencing, on January 27, 1995, the trial court imposed the maximum thirty-year sentence on the aggravated kidnapping charge. Blanck again appealed, and on February 19, 1997, the Illinois appellate court ruled that the aggravated kidnapping sentence could not be increased on remand and the thirteen-year sentence was reinstated.

¶ 9. On March 20, 1997, a criminal complaint was filed and a warrant issued in Waukesha County Circuit Court charging Blanck with false imprisonment, kidnapping, misdemeanor battery, and second-degree sexual assault in connection with the events in October 1990. At an extradition hearing in McHenry County, Illinois on July 2, 1997, Blanck entered a speedy trial demand and alleged that his speedy trial rights had been violated. Blanck was returned to Wisconsin and on July 18, 1997, and August 28, 1997, filed motions to dismiss the charges. On November 17, 1997, Waukesha County Circuit Court Judge Roger P. Murphy denied the motions to dismiss. Blanck filed a motion for

reconsideration, and on February 16, 1998, Judge Murphy again denied Blanck's motion.[2]

¶ 10. On March 6, 1998, a preliminary hearing was held, having been delayed while the trial court ruled on Blanck's motions to dismiss, and Blanck was bound over for trial. On March 23, 1998, an information was filed charging Blanck with false imprisonment, kidnapping, battery and three counts of second-degree sexual assault by threat or use of force or violence with the use of a dangerous weapon. On April 6, 1998, Blanck filed a motion to dismiss the new, additional charges in the information. This motion was denied by Judge Joseph E. Wimmer on July 21, 1998.

¶ 11. After several adjournments and substitutions of defense counsel, on November 4, 1999, Blanck was tried before Waukesha County Circuit Court Judge J. Mac Davis and was convicted by a jury of all counts in the information. Blanck was sentenced to the maximum penalty allowed by law on each count, consecutive to one another, for a total of sixty-seven years and nine months in prison. Blanck appeals his judgments of conviction.

## DISCUSSION

¶ 12. A defendant's claim that he or she was denied his or her right to a speedy trial or his or her due process rights raises constitutional issues that we review de novo. *State v. Leighton*, 2000 WI App 156, ¶ 5, 237 Wis. 2d 709, 616 N.W.2d 126, *review denied*, 2000 WI 102, 237 Wis. 2d 261, 618 N.W.2d 751 (Wis. July 27, 2000) (No. 99–2614–CR). The trial court's underlying

---

[2] Blanck unsuccessfully sought interlocutory relief from this decision.

findings of historical fact must be upheld unless they are clearly erroneous. *Id.* However, application of those facts to constitutional standards and principles is determined without deference to the trial court's conclusion. *State v. Borhegyi*, 222 Wis. 2d 506, 508–09, 588 N.W.2d 89 (Ct. App. 1998).

¶ 13. Blanck claims that the State violated his constitutional right to a speedy trial by waiting over six years after the criminal acts to arrest and charge him in this matter. Specifically, he argues that Waukesha county authorities became aware of the criminal allegations against him on October 4, 1990, but intentionally chose not to prosecute him until he was about to be released from prison almost seven years later, thereby intentionally violating his right to a speedy trial.

¶ 14. The right to a speedy trial is found in the Sixth Amendment to the United States Constitution and article I, section 7 of the Wisconsin Constitution. However, this case does not involve an alleged violation of a defendant's Sixth Amendment right to a speedy trial. Blanck's claim of a speedy trial violation centers on the delay between his arrest in Illinois in October 1990 and the filing of charges against him in Wisconsin in March 1997. The Sixth Amendment speedy trial right cannot be violated by a prearrest delay in charging. *State v. Rogers*, 70 Wis. 2d 160, 163, 233 N.W.2d 480 (1975).

¶ 15. The United States Supreme Court has stated that on its face, the protection of the Sixth Amendment is triggered only when a criminal prosecution has begun and extends only to those persons who have been accused in the course of that prosecution. *United States v. Marion*, 404 U.S. 307, 313 (1971). These provisions afford no protection to those not yet

accused, nor do they require the government to discover, investigate, and accuse any person within any particular period of time. *Id.* Under no circumstances does the right to a speedy trial arise before there is a charge or arrest, even though the prosecuting authorities had knowledge of the offense long before. *Id.* at 319.

¶ 16. The Wisconsin Supreme Court has acknowledged the *Marion* proposition that the Sixth Amendment speedy trial provision applies only when the putative defendant in some way formally becomes the accused. *State v. Lemay*, 155 Wis. 2d 202, 209, 455 N.W.2d 233 (1990). The Wisconsin Supreme Court concluded that this interpretation was further supported by language in *United States v. MacDonald*, 456 U.S. 1, 6 (1982), which states that *Marion* "held that the Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is indicted, arrested or otherwise officially accused." *Lemay*, 155 Wis. 2d at 209.

¶ 17. In *Borhegyi*, we stated that "the Speedy Trial Clause of the Sixth Amendment does not apply to the period before a defendant is *indicted, arrested, or otherwise officially accused.*" *Borhegyi*, 222 Wis. 2d at 510 (citation omitted). Blanck's position is, therefore, at odds with long-standing legislative and judicial constructions of the speedy trial provisions in both national and state constitutions. *Marion*, 404 U.S. at 319–20.

¶ 18. The law has provided other mechanisms to protect against possible prejudice resulting from the passage of time between crime and arrest or charge. *Id.* at 322. "[T]he applicable statute of limitations . . . is . . . the primary guarantee against bringing overly stale criminal charges." *Id.* (citation omitted). Such statutes represent legislative consideration of the relative inter-

ests of both the State and a defendant in administering and receiving justice. *Id.* "These statutes provide predictability by specifying a limit beyond which there is an irrebuttable presumption that a defendant's right to a fair trial would be prejudiced." *Id.* There is thus no need to press the Sixth Amendment into service to guard against the mere possibility that preaccusation delays will prejudice the defense in a criminal case; statutes of limitation already perform that function. *Id.* at 323. There is no allegation before us that the charges against Blanck were filed outside the applicable statute of limitations.

■

¶ 19. Speedy trial concerns attach at the time a defendant formally becomes the accused—when the complaint and warrant are issued. *Lemay*, 155 Wis. 2d at 210. Due process rights, however, apply to time delays occurring within the preaccusation, investigatory period prior to the commencement of formal criminal proceedings. *Id.* Blanck argues that his due process rights were violated by the prearrest delay in charging him.

■

¶ 20. Statutes of limitation are the principal device to protect from prejudice arising from a lapse of time between the date of an alleged offense and an arrest; nevertheless, a statute of limitation is not the sole standard by which delay between the date of an alleged offense and an arrest is measured when considering a denial of due process. *State v. Wilson*, 149 Wis. 2d 878, 903, 440 N.W.2d 534 (1989). A delay between the commission of a crime and the subsequent arrest of a defendant may, under some circumstances, violate

due process. *United States v. Lovasco*, 431 U.S. 783, 789–90 (1977).

¶ 21. The *Marion* Court held that the Due Process Clause of the Fifth Amendment would protect defendants who could show more than potential prejudice in the prearrest period, and would bar a prosecution where a defendant demonstrated that the preindictment delay caused substantial prejudice to his or her right to a fair trial and that the delay was an intentional device of the government to gain a tactical advantage over him or her. *United States v. White*, 470 F.2d 170, 174 (7th Cir. 1972).

¶ 22. Blanck, however, spends the majority of his brief addressing the four factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972), to determine whether a Sixth Amendment speedy trial violation has occurred. It is not appropriate to use the *Barker* standards for a Sixth Amendment speedy trial violation to establish actual prejudice relating to a possible denial of due process and a fair trial in prearrest delay. *Rogers*, 70 Wis. 2d at 165. To establish a due process violation, a defendant must prove that actual prejudice has been suffered as a result of the delay, and must show that the government caused the delay for an improper purpose. *See Lovasco*, 431 U.S. at 790.

¶ 23. Blanck has neither alleged nor demonstrated that he suffered actual prejudice from the delay. The "possibilities of prejudice inherent in any extended delay are not enough in view of the statute of limitations to justify dismissal." *Rogers*, 70 Wis. 2d at 165. Blanck does not demonstrate how his ability to present

a defense was hindered by the delay. "Self-serving assertions by a defendant based on mere speculation cannot serve as the grounds for a finding of actual prejudice." *State v. Davis*, 95 Wis. 2d 55, 60, 288 N.W.2d 870 (Ct. App. 1980).

¶ 24. Furthermore, Blanck has neither alleged nor demonstrated that his arrest was delayed for an impermissible purpose. He does not explain what advantage was gained or sought, nor can we discern any such advantage from the record. A "bare allegation of improper tactical purpose on the government's part is insufficient to establish a malevolent purpose." *Id.* at 62 (citation omitted). Blanck neither alleges nor proves actual prejudice or improper governmental motive.

¶ 25. Blanck also argues that he should be granted a new trial in the interests of justice, pursuant to WIS. STAT. § 752.35.[3] He alleges that justice has miscarried because the precharging delay resulted in unconstitutional prejudice. We disagree.

¶ 26. Prior to an order of discretionary reversal pursuant to WIS. STAT. § 752.35, we must be able to conclude that because of an error it is substantially probable that a new trial would produce a different

---

[3] WISCONSIN STAT. § 752.35 addresses discretionary reversal and states:

> In an appeal to the court of appeals, if it appears from the record that the real controversy has not been fully tried, or that it is probable that justice has for any reason miscarried, the court may reverse the judgment or order appealed from, regardless of whether the proper motion or objection appears in the record and may direct the entry of the proper judgment or remit the case to the trial court for entry of the proper judgment or for a new trial, and direct the making of such amendments in the pleadings and the adoption of such procedure in that court, not inconsistent with statutes or rules, as are necessary to accomplish the ends of justice.

result. *Vollmer v. Luety*, 156 Wis. 2d 1, 19, 456 N.W.2d 797 (1990). Blanck has failed to demonstrate that his constitutional rights have been violated, he has failed to show any actual prejudice as a result of the delay, and he has failed to show an improper purpose for the State's delay. There is no evidence in the record that a retrial would produce a different result.

¶ 27. Finally, Blanck argues that he should be granted a new trial pursuant to the "plain error" doctrine. First, the "plain error" doctrine is evidentiary, not constitutional, in nature. *See State v. Seeley*, 212 Wis. 2d 75, 81 n.2, 567 N.W.2d 897 (Ct. App. 1997). Furthermore, Blanck's argument on this issue consists of one sentence. This argument is not a developed theme reflecting legal reasoning, but instead is supported by only one general statement. We decline to review issues inadequately briefed. *State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992). In addition, this court does not consider arguments broadly stated but not specifically argued. *Fritz v. McGrath*, 146 Wis. 2d 681, 686, 431 N.W.2d 751 (Ct. App. 1988).

## CONCLUSION

¶ 28. While Blanck claims that the State violated his constitutional right to a speedy trial by waiting over six years after the criminal acts to arrest and charge him in this matter, case law is unequivocal in holding that the Sixth Amendment right to a speedy trial does not arise before there is a charge or arrest. While Blanck's due process rights may have been implicated in the precharging delay, he neither alleges nor proves actual prejudice from or improper motive for the delay. Furthermore, there is no evidence that a retrial would

produce a different result in this matter, and the evidentiary rule of "plain error" is inapplicable here. We therefore affirm Blanck's judgments of conviction.

*By the Court.*—Judgments affirmed.