PER CURIAM.
Appellant appeals three of his four burglary convictions, following an open plea of nolo contendere, asserting a double jeopardy violation. We find the trial court convicted appellant of three counts of burglary in violation of double jeopardy, and we reverse for the trial court to dismiss those counts.
Appellant pled no contest to four counts of false imprisonment, two counts of robbery with a deadly weapon while wearing a mask, and four counts of burglary of a dwelling with an assault or battery while armed and masked. The trial court accepted appellant’s plea. During sentencing, the public defender argued that three of the four burglary counts should be dismissed, because “[wjhere there is but one entry, dual convictions for burglary cannot stand.” Gorham v. State, 968 So.2d 717, 718 (Fla. 4th DCA 2007). The state agreed that appellant could be sentenced on only one burglary count, but objected to the dismissal of the three remaining burglary counts. The trial court denied the motion to dismiss, believing that by not sentencing appellant, he would not be convicted of those counts. The trial court did not include the three remaining burglary counts in the written judgment, nor did the trial court sentence appellant on those counts.
“A defendant who enters a general or open plea does not waive double jeopardy claims.” Demps v. State, 965 So.2d 1242, 1243 (Fla. 4th DCA 2007). “[A] conviction that violates the prohibition against double jeopardy constitutes fundamental error ... and a claim of fundamental error may be raised for the first time on appeal.” Kilmartin v. State, 848 So.2d 1222, 1224 (Fla. 1st DCA 2003). See also Sibley v. State, 955 So.2d 1222, 1225 (Fla. 5th DCA 2007) (construing a double jeopardy challenge after a no contest plea to be an appeal “as otherwise provided by law” under rule 9.140(b)(2)(A)(ii)e. “because a double jeopardy violation constitutes fundamental error which may be raised for the first time on appeal”).
Contrary to the trial court’s belief, appellant was convicted of the burglary counts when the trial court accepted the plea. By allowing the remaining burglary counts to stand, the trial court violated appellant’s double jeopardy rights. A plea “is itself a conviction; nothing remains but to give judgment and determine punishment.” Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). “[W]here a plea of nolo contendere is accepted it is not necessary in passing sentence for the court to adjudge the party to be guilty, for that follows as a legal inference from the implied confession in the plea.” Pensacola Lodge No. 497, Benevolent & Protective Order of Elks v. State, 74 Fla. 498, 77 So. 613, 614 (1917). See also McCrae v. State, 395 So.2d 1145, 1154 (Fla.1980) (“[0]nce a plea ... has been accept *574 ed by a court, it is the conviction and the only remaining step is the formal entry of judgment and the imposition of sentence”); People v. Davis, 185 Cal.App.4th 998, 112 Cal.Rptr.3d 70 (2010) (concluding that a no contest plea — not the ensuing sentence and judgment of conviction — constituted a conviction).
Murphy v. State, 16 So.3d 269 (Fla. 5th DCA 2009), is instructive. In that case, a jury found defendant guilty of two counts. The court sought to avoid a potential double jeopardy violation by not entering an order adjudicating defendant guilty or sentencing him on the second conviction. The appellate court reversed and remanded, explaining: “A trial court must adjudicate and sentence a defendant convicted of a crime, or in an appropriate case, adjudicate the defendant not guilty due to a lack of sufficient evidence to convict, double jeopardy, or any other legally sufficient reason. The trial court may not simply refuse to act.” Id at 269.
This case is similar to Murphy even though it involved a no contest plea. See Hudson v. United States, 272 U.S. 451, 455, 47 S.Ct. 127, 71 L.Ed. 347 (1926) (stating that a “plea of nolo contendere .... is an admission of guilt for the purposes of the case”). The trial court could not avoid a double jeopardy violation simply by omitting the three remaining burglary convictions from the written judgment. The trial court’s action was more analogous to withholding an adjudication of guilt or declining to impose a sentence, neither of which cures a double jeopardy violation. See Griffin v. State, 69 So.3d 344, 346 (Fla. 4th DCA 2011); Burford v. State, 8 So.3d 478, 480 (Fla. 4th DCA 2009).
For the foregoing reasons, we reverse and remand for dismissal of the three remaining burglary counts. We affirm appellant’s remaining convictions and sentences.

Reversed in part, affirmed in part, and remanded.

TAYLOR, LEVINE and CONNER, JJ., concur.