COURT OF APPEALS
DECISION
DATED AND FILED

September 16, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2024AP18-CR**

STATE OF WISCONSIN

Cir. Ct. No.  2020CF13

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

  V.

GARY A. KARAS,

    DEFENDANT-APPELLANT.

APPEAL from a judgment of the circuit court for Vilas County: DANIEL L. OVERBEY, Judge. *Affirmed.*

Before Stark, P.J., Hruz, and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Gary Karas appeals from a judgment convicting him, following a jury trial, of two counts of first-degree sexual assault of a child

(sexual contact or sexual intercourse with a person who has not attained the age of 13 years). Karas raises several challenges to his convictions on appeal: the circuit court erred by denying his motion to dismiss due to prosecutorial delay; the court erroneously exercised its discretion by admitting evidence of his prior conviction in Florida for "lewd or lascivious molestation" of one of the victims in this case, but not the sentence he received or that he was convicted upon a no-contest plea; the court erroneously exercised its discretion by admitting other-acts evidence; and the evidence at trial was insufficient to convict him of the charges.[1] For the following reasons, we affirm.

## BACKGROUND

¶2 In late 2014 and early 2015, George and Nick[2] informed law enforcement in Sheboygan County that Karas sexually abused them when they were children. The sexual abuse occurred between 2003 and 2007 while Karas was a religious education teacher for a church in Sheboygan County that the victims and their families attended. The victims alleged that some of the abuse occurred at Karas' cabin in Vilas County. George further stated that he was sexually assaulted by Karas in Wisconsin Dells and while at Disney World in

---

[1] The Honorable Neal Nielsen, III decided Karas' motion to dismiss. The Honorable Kevin Klein decided the State's other-acts motion. The Honorable Daniel L. Overbey presided over the remainder of the case.

[2] Pursuant to the policy underlying WIS. STAT. RULE 809.86(4) (2023-24), we refer to the victims in this case using pseudonyms. We use the same pseudonyms used by the State on appeal.

All references to the Wisconsin Statutes are to the 2023-24 version. We note that Karas was charged in 2020 based on conduct that occurred in the mid-2000s; however, neither party has identified any significant or relevant changes in the pertinent statutes.

Florida. Additional victims also came forward to report similar incidents of sexual abuse by Karas.

¶3 Based on George's and Nick's allegations of sexual assaults in Vilas County, the State charged Karas in that county in January 2020 with two counts of first-degree sexual assault of a child (sexual contact or sexual intercourse with a person who has not attained the age of 13 years).[3] The State alleged that Karas sexually assaulted George in June 2004 (Count 1) and that Karas sexually assaulted Nick between January 2003 and December 2007 (Count 2).

¶4 Karas filed a motion to dismiss the charges based on the State's "inexcusable and improper delay" in filing the complaint. Karas stated that he was charged in Florida in February 2015 for sexually abusing George at Disney World and that he based his decision to enter a plea in that case on the then-Vilas County district attorney's comments to his defense counsel that the district attorney would follow-up with defense counsel with a decision on whether the State would file charges against Karas in Vilas County. Following a hearing, the circuit court denied Karas' motion to dismiss the complaint. The court concluded that Karas had failed to demonstrate that he was prejudiced by any delay in the filing or that the Vilas County District Attorney's Office's decision not to file charges prior to January 2020 "was in any way a deliberate device to gain an advantage" or otherwise based on "any improper motive."

---

[3] The State originally charged Karas in the criminal complaint with first-degree sexual assault of a child and repeated sexual assault of a child. The State later filed an amended information. Karas does not challenge the legality of the State's amendment.

¶5    Prior to the trial, the State filed a motion to admit other-acts evidence. The State alleged that Karas was "well known for paying for church families (all of whom had children who were pre-pubescent boys) to accompany [Karas] on expensive vacations to various destinations." According to the State, all of the sexual assaults that it sought to admit as other-acts evidence occurred on these trips, either in Vilas County, at Disney World, or in Wisconsin Dells.

¶6    In particular, the State sought to introduce evidence that Karas sexually assaulted George multiple times while at Disney World in May 2004 and while in Wisconsin Dells shortly thereafter. The State also sought to introduce evidence that Karas sexually assaulted two other children, John and Jake, while on similar trips. The State alleged that the assault of John occurred in Vilas County between 2008 and 2010, and the assault of Jake occurred at Disney World in May 2008. In addition, the State moved to admit evidence of Karas' 2016 conviction in Florida for the sexual assault of George at Disney World, pursuant to WIS. STAT. § 904.04(2)(b)2. The circuit court held a hearing on the State's motion, after which it granted the motion in its entirety over Karas' objection.[4]

¶7    Subsequently, Karas filed a proposed jury instruction requesting that the circuit court instruct the jury that Karas was convicted in Florida "after accepting a no[-]contest plea" and was sentenced to 20 years' probation. Karas also filed two motions to admit evidence related to the fact that he was convicted in Florida only after entering a no-contest plea and that he did not receive a prison

---

[4] We note that Karas filed several motions in the circuit court, including a motion for reconsideration of the circuit court's decision granting the State's other-acts motion and a motion for severance of the charges, all of which the court denied. Karas does not raise challenges on appeal to the court's decisions on many of these motions, and we discuss only the facts and motions relevant to the issues raised on appeal.

sentence upon his conviction. The circuit court rejected the proposed jury instruction and denied the two motions.[5]

¶8 A trial was held during which George, Nick, John, Jake, and a State's expert were among those who testified. At the close of the State's case, Karas moved to dismiss both counts based on insufficient evidence. The circuit court denied Karas' motion, and the jury convicted Karas of both counts. Karas subsequently moved for "judgment of acquittal notwithstanding the jury's verdict," arguing that the evidence at trial was insufficient to prove the charged conduct beyond a reasonable doubt, which the court denied.

¶9 Karas now appeals.

## DISCUSSION

¶10 Karas raises the following challenges to his convictions: the circuit court erred by denying his motion to dismiss due to prosecutorial delay; the court erroneously exercised its discretion by admitting evidence of his prior Florida conviction but not the sentence he received or that he was convicted upon a no-contest plea; the court erroneously exercised its discretion by admitting the other-acts evidence pertaining to John's and Jake's allegations; and the evidence at trial was insufficient to convict him of the charges. We address each issue in turn.

---

[5] At trial, the parties stipulated that Karas was convicted in Florida in 2016 of "a lewd or lascivious molestation against a victim less than 12 years of age. That being [George], which is a first[-]degree felony."

## I. Motion to dismiss for prosecutorial delay

¶11    A challenge to charges based on prosecutorial delay is rooted in due process. *See State v. McGuire*, 2010 WI 91, ¶45, 328 Wis. 2d 289, 786 N.W.2d 227. "Wisconsin has adopted a two-part test to determine whether pre-indictment delay constitutes a due process violation." *Id.* The defendant must show that he or she "suffered actual prejudice arising from the delay and that the delay arose from an improper motive or purpose such as to gain a tactical advantage over the accused."[6] *Id.* (citation omitted). Whether a defendant's right to due process was violated presents a question of law that appellate courts review de novo. *Id.*, ¶26.

¶12    In July 2015, Karas' counsel wrote to the Vilas County District Attorney's Office "to discuss the allegations against Karas in [Wisconsin] and any potential charges that he may face in Vilas County." According to Karas, the former Vilas County district attorney spoke with Karas' defense counsel on January 19, 2016. Karas stated that the former district attorney informed Karas' defense counsel that he would "carefully review the evidence in this case, speak with the alleged victims or their parents, and advise whether the [Vilas County District Attorney's Office] would agree to not file charges against Karas in light of the anticipated resolution of his pending Florida case." On January 20, 2016, defense counsel forwarded the former district attorney a letter from the Sauk County District Attorney's Office stating that Sauk County would not be

---

[6] The State correctly posits that Karas misstates the law by arguing that to demonstrate a due process violation in the prosecutorial delay context, he need only demonstrate that he suffered prejudice "**and/or**" that the State's delay arose from an improper motive or purpose. Binding case law requires proof of both prejudice *and* improper motive or purpose. *State v. McGuire*, 2010 WI 91, ¶45, 328 Wis. 2d 289, 786 N.W.2d 227; *State v. Wilson*, 149 Wis. 2d 878, 904, 440 N.W.2d 534 (1989).

prosecuting Karas for George's allegations of sexual abuse in that county. The Vilas County District Attorney's Office did not contact Karas with a charging decision until it filed charges in 2020.

¶13 Karas stated in his motion that on April 4, 2016, he pled no contest in the Florida case to one count of "lewd or lascivious molestation" of George. Karas argued in his motion that the State violated his due process rights by bringing charges in 2020 because he "reasonably believed" that he would not face charges in Vilas County "by virtue of the [Vilas County district attorney's] silence" and that he was now facing new charges "as a once convicted sex offender," limiting his defenses and exposing him to increased penalties if convicted.

¶14 At the motion hearing, the then-current Vilas County district attorney Martha Milanowski stated that the silence on behalf of her predecessor did "not equal a decision not to charge" and that "[t]here were a number of matters still under review in the Vilas County District Attorney's Office when [Milanowski] took office," including Karas' case. Milanowski further stated that if the former district attorney had chosen not to file charges in Vilas County, Karas' file would not have been among the cases Milanowski had reviewed upon taking office.

¶15 Karas fails to identify any evidence in the record demonstrating that that the State's delay in bringing charges against him was a deliberate attempt by the State to gain an advantage over him. *See **McGuire***, 328 Wis. 2d 289, ¶45. Instead, he argues that "[t]here is no alternative/logical explanation for the State's delay, nor has it offered one since this case began." This allegation is insufficient to establish a due process violation. "A 'bare allegation of improper tactical

7

purpose on the government's part is insufficient to establish a malevolent purpose.'" ***State v. Blanck***, 2001 WI App 288, ¶24, 249 Wis. 2d 364, 638 N.W.2d 910 (citation omitted); ***Industrial Risk Insurers v. American Eng'g Testing, Inc.***, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 ("[W]e will not abandon our neutrality to develop arguments.").

¶16    Regardless, upon independently searching the record, we agree with the State that the record contains no evidence that the delay in bringing the charges in this case was a deliberate attempt by the State to gain an advantage over Karas. Rather, the delay appears to be attributable to a lack of prosecutorial resources and a change in leadership at the Vilas County District Attorney's Office between 2016 and 2020. Moreover, if the State had sought to intentionally gain an advantage over Karas by delaying charges until after he was convicted in Florida, common sense suggests that the State would not have waited four years after the Florida conviction to charge Karas in Vilas County. As the circuit court noted, any delay in this case would likely have benefited Karas because the passage of time "rarely works to the disadvantage of a defendant when a jury is looking at" witness credibility.

¶17    Likewise, even if Karas could prove that the delay in bringing the charges in this case was a deliberate attempt by the State to gain an advantage over him, he has failed to prove that he suffered actual prejudice due to the charging delay. *See **McGuire***, 328 Wis. 2d 289, ¶45. Karas contends that he was prejudiced because he entered his no-contest plea in Florida as a result of the former district attorney's silence. However, there is no evidence before us that Karas followed up with the former district attorney after January 2016 and before entering his no-contest plea in Florida just three months later. Although the Vilas County District Attorney had purportedly advised defense counsel that he would

follow-up with a decision about charging Karas, Karas had not received any notification from the Vilas County District Attorney's Office regarding whether a decision had been made about filing charges in Vilas County by the time Karas entered his plea in Florida. Absent a charging decision or confirmation from the district attorney, Karas therefore entered his plea in Florida independent of any potential Wisconsin charging decision. Thus, as the State asserts on appeal, there was no connection between the Vilas County District Attorney's Office's decision on whether to file charges and Karas' decision to enter a no-contest plea in Florida.[7]

## II. Prior conviction evidence

¶18 Next, Karas challenges the circuit court's decision to admit the fact of his prior Florida conviction pursuant to WIS. STAT. § 904.04(2)(b)2. Relatedly, Karas contends that the court violated his constitutional due process right to present a defense by not allowing him to introduce evidence that he was convicted in that case upon a no-contest plea and that he did not receive a prison sentence.

¶19 A circuit court's decision to admit evidence is discretionary. *State v. Manuel*, 2005 WI 75, ¶24, 281 Wis. 2d 554, 697 N.W.2d 811. A proper exercise

---

[7] Karas also argues that by delaying charges until 2020, the State was able to leverage the Florida conviction against Karas and keep Karas from testifying in his own defense. We disagree that the Florida conviction provided any real advantage to the State. As we discuss later in this opinion, Karas does not argue that the conduct underlying the Florida conviction was improperly admitted as other-acts evidence. Whether Karas was convicted or not in the Florida case, the jury would have heard evidence regarding the substantial similarities between Karas' sexual assault of George in Florida and the assault in Vilas County. In addition, any modest advantage the State gained was heavily outweighed by the fact that the victims were recalling events that occurred between 2003 and 2007, and, therefore, any delay in charging could inhibit the State's ability to prove those allegations. Likewise, Karas does not argue that any evidence favoring his defense was destroyed during the delay or that any potential witnesses he could have called at trial had disappeared or passed away.

of discretion requires that the circuit court rely on facts of record, the applicable law, and, using a demonstrable rational process, reach a reasonable decision. *Id.* "Evidentiary rulings must also comport with a criminal defendant's constitutional right to present a defense." *State v. Munford*, 2010 WI App 168, ¶28, 330 Wis. 2d 575, 794 N.W.2d 264. "Whether an evidentiary ruling infringes upon a criminal defendant's right to present a defense is a question of constitutional fact for independent review." *Id.*

### A. *Fact of conviction*

¶20 The State moved to admit evidence of Karas' Florida conviction pursuant to WIS. STAT. § 904.04(2)(b)2. The State alleged that George disclosed to law enforcement that while on vacation with Karas at Disney World in May 2004, Karas, on four to six occasions over a two-week period, touched George's penis with his hands when George would exit the shower. The State noted that Karas was convicted of a felony in Florida in relation to those acts of lewd or lascivious molestation.

¶21 The circuit court granted the State's motion to admit the fact of Karas' Florida conviction pursuant to WIS. STAT. § 904.04(2)(b)2., concluding that the other-acts test outlined in *State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30 (1998), did not apply to its analysis under that statute. The court further found that evidence of Karas' Florida conviction was "certainly relevant" and "highly probative" under WIS. STAT. § 904.01 due to the "similarity (the acts and the time frame and the victim)" between the acts underlying the Florida conviction and Count 1. According to the court, this evidence was being admitted as character evidence to demonstrate that Karas acted in conformity with his prior conviction. Further, the court stated that Karas had failed to demonstrate that any prejudice

from the admission of his Florida conviction was substantially greater than the evidence's probative value. *See* WIS. STAT. § 904.03.

¶22 The prior-conviction statute, WIS. STAT. § 904.04(2)(b)2., has been described as "an exception to the rule that prohibits other-acts evidence from being offered to prove conduct." ***State v. Hill***, 2024 WI App 51, ¶12, 413 Wis. 2d 572, 12 N.W.3d 561 (citation omitted), *review denied* (WI Feb. 12, 2025) (No. 2022AP1718-CR). Section 904.04(2)(b)2. states that

> [i]n a criminal proceeding alleging a violation of s. 940.225(1) or 948.02(1), sub. (1) and par. (a) do not prohibit admitting evidence that a person was convicted of a violation of s. 940.225(1) or 948.02(1) or a comparable offense in another jurisdiction, that is similar to the alleged violation, as evidence of the person's character in order to show that the person acted in conformity therewith.

"[P]rior conviction evidence is admissible 'as evidence of the person's character in order to show that the person acted in conformity therewith,' meaning that the evidence *is* admissible as propensity evidence." ***Hill***, 413 Wis. 2d 572, ¶16 (citation omitted). Only evidence of a prior conviction under § 940.225(1), § 948.02(1), or a comparable offense in another jurisdiction may be admitted under the prior-conviction statute, not the factual details of the prior case. ***Hill***, 413 Wis. 2d 572, ¶28.

¶23 The admission of evidence under the prior-conviction statute is not subject to a traditional ***Sullivan*** analysis.[8] "Instead, the admission of evidence

---

[8] Initially, Karas asserted in his brief-in-chief that the circuit court erred by not applying the other-acts test from ***State v. Sullivan***, 216 Wis. 2d 768, 576 N.W.2d 30 (1998), to the prior-conviction statute. In his reply brief, and following this court's decision in ***State v. Hill***, 2024 WI App 51, 413 Wis. 2d 572, 12 N.W.3d 561, *review denied* (WI Feb. 12, 2025) (No. 2022AP1718-CR), Karas conceded that ***Sullivan*** is inapplicable to the prior-conviction statute.

(continued)

11

under this statute is, like all proffered evidence, subject to the requirements that the evidence be relevant, *see* WIS. STAT. § 904.01, and that it overcomes the WIS. STAT. § 904.03 balancing test ...." *Hill*, 413 Wis. 2d 572, ¶38. A circuit court must consider whether the prior conviction for the same or a comparable crime in another jurisdiction is factually similar to the current charge. *Id.*, ¶44. If so, then the prior conviction has probative value and is relevant under § 904.01. *Hill*, 413 Wis. 2d 572, ¶44. A court must also consider whether, under § 904.03, "the probative value of evidence that a person was previously convicted of first-degree sexual assault of an adult or child or a comparable offense in another jurisdiction, absent any details of the case, is substantially outweighed by" the considerations under § 904.03. *Hill*, 413 Wis. 2d 572, ¶47. Moreover, the greater latitude rule applies to "all aspects" of the analysis under the prior-conviction statute, allowing for "more liberal admission of evidence of a prior conviction for first-degree sexual assault of an adult or a child (or a comparable offense in another jurisdiction)." *Id.*, ¶50.

¶24 Karas concedes that he was charged in Wisconsin under an applicable crime for purposes of the prior-conviction statute. Further, Karas does not dispute that the charge underlying his Florida conviction is a comparable offense to WIS. STAT. § 948.02(1). Moreover, Karas concedes that the conduct at issue in the Florida case was "almost identical" to the conduct underlying Count 1.

---

We note that the prior-conviction statute "does not prohibit the State from offering the defendant's prior conviction, *including the factual details of the crime*, as other-acts evidence under WIS. STAT. § 904.04(2)(a), subject to the *Sullivan* analysis." *Hill*, 413 Wis. 2d 572, ¶28 n.11. Here, the State sought admission of the fact of Karas' conviction under the prior-conviction statute, and it also sought admission of the factual details underlying that conviction as other-acts evidence under § 904.04(2)(a). Karas does not challenge the circuit court's decision to admit the underlying facts of the Florida conviction as other-acts evidence.

Karas contends, however, that the prior conviction evidence was inadmissible under WIS. STAT. § 904.03.[9] *See Hill*, 413 Wis. 2d 572, ¶47.

¶25    Given the high degree of relevance to the charges at trial, the circuit court concluded that the prior conviction evidence was not unfairly prejudicial. Specifically, the court stated that "[w]hile the conviction evidence here is quite prejudicial, that prejudice is not substantially greater than [the evidence's] probative value, nor is that prejudice unfair."

¶26    Karas argues that the prior conviction evidence "led the jury to decide the issue of Mr. Karas' guilt on the Vilas County allegations based on an improper inference" that Karas was a "bad" person, particularly because the victim in the Florida case was one of the victims in this case. We disagree. Again, the prejudice analysis in the context of the prior-conviction statute is distinct from the prejudice analysis under *Sullivan* because "it is proper under the prior-conviction statute to present prior conviction evidence to demonstrate propensity." *Hill*, 413 Wis. 2d 572, ¶45. Furthermore, the prejudice analysis in this context "is not made with regard to the details and circumstances of the prior case because the jury will not hear those details; therefore, there is no possibility of those details causing unfair prejudice, confusion of the issues, or misleading the jury." *Id.*, ¶62.

¶27    Here, the circuit court properly considered the prejudicial effect of the Florida conviction, determining that its probative value was too great to be

---

[9] Karas contends that the circuit court admitted the fact of his Florida conviction "and the identity" of George as the alleged victim in that case under WIS. STAT. § 904.04(2)(b)2. However, it appears that the court admitted George's identity in relation to the Florida conviction under the State's other-acts motion. To the extent the court intended to admit this evidence under § 904.04(2)(b)2., that decision is harmless because the court also granted the State's other-acts motion as it related to the Florida conviction.

outweighed by any prejudicial effect. The court provided the jury with a cautionary instruction, WIS JI—CRIMINAL 276 (2016), thus mitigating the possibility of unfair prejudice. *See* **Hill**, 413 Wis. 2d 572, ¶48. In light of the court's findings, the greater latitude rule, and the cautionary instruction provided, we cannot conclude that the court erroneously exercised its discretion by admitting the prior conviction evidence.

### B. *Evidence of no-contest plea and sentence*

¶28 As noted above, Karas made several attempts to admit evidence that he was convicted in Florida only after entering a no-contest plea and that he did not receive a prison sentence upon his conviction. He filed proposed jury instructions, a motion in limine, and a motion to admit "evidence of consciousness of innocence." The circuit court rejected the proposed jury instructions and denied each motion.

¶29 The circuit court found that it would be misleading and confusing to the jury to explain that Karas pled no contest in Florida. The court further stated that admission of the type of plea and sentence Karas received in Florida would be contrary to WIS. STAT. § 904.04(2)(b)2. and that neither Wisconsin nor Florida law permits the admission of no-contest pleas "for any purpose."

¶30 Defendants are granted the constitutional right to present a defense under the compulsory process clause of article I, section 7 of the Wisconsin Constitution and the Sixth Amendment of the United States Constitution. *State v. Sarfraz*, 2014 WI 78, ¶37, 356 Wis. 2d 460, 851 N.W.2d 235. However, this right is not absolute. *Id.* Compulsory process only grants defendants the constitutional

right to present relevant evidence that is "not substantially outweighed by its prejudicial effects."[10] *Id.* (citation omitted); *see also* **Munford**, 330 Wis. 2d 575, ¶28 ("The Sixth Amendment and Due Process Clause right to present a defense requires that a defendant be allowed to introduce relevant evidence, subject to reasonable restrictions." (citation omitted)).

¶31 Here, it is undisputed that, throughout the case, Karas maintained that he was innocent and that the charges were fabricated by the victims, and Karas advanced this theory at trial. On appeal, and consistent with this theory of defense, Karas argues that the nature of his conviction in Florida would have demonstrated that he made a "calculated decision to accept a resolution to his Florida criminal case that guaranteed he would avoid incarceration" and that "he

---

[10] "There is no abridgement on the accused's right to present a defense, so long as the rules of evidence used to exclude the evidence offered are not arbitrary or disproportionate to the purposes for which they are designed." *State v. Muckerheide*, 2007 WI 5, ¶41, 298 Wis. 2d 553, 725 N.W.2d 930. The exclusion of evidence is "'unconstitutionally arbitrary or disproportionate only where it has infringed upon a weighty interest of the accused.' The weighty interest of the defendant is to present 'fundamental elements' of his defense." *State v. St. George*, 2002 WI 50, ¶52, 252 Wis. 2d 499, 643 N.W.2d 777 (quoting *United States v. Scheffer*, 523 U.S. 303, 308, 315 (1998)).

In *St. George*, our supreme court concluded that the rape shield law did not, on its face, violate the defendant's right to present a defense. *Id.*, ¶15. However, the court also considered whether the proffered evidence was "so relevant and probative that the defendant's right to present it is constitutionally protected." *Id.* (citation omitted). The court concluded that "the rape shield statute 'may in a given case impermissibly infringe upon a defendant's right[] to … compulsory process.'" *Id.* (citation omitted).

Karas does not raise the type of constitutional challenge raised in *St. George*. The evidentiary rules used to exclude Karas' proffered evidence are WIS. STAT. §§ 904.01 and 904.03. Because the right to present a defense is already limited by the evidence's relevancy and prejudicial effect—i.e., §§ 904.01 and 904.03—the rules of evidence used to exclude the evidence in this case are not arbitrary or disproportionate. Accordingly, Karas essentially challenges the circuit court's decision to exclude the evidence under §§ 904.01 and 904.03, which we review for an erroneous exercise of discretion. *See Muckerheide*, 298 Wis. 2d 553, ¶¶24, 39-41 (concluding that the circuit court's decision to exclude the defendant's proffered evidence was not "arbitrary or disproportionate" because the court "properly excluded" the evidence as irrelevant).

15

never admitted guilt" in that case or was found guilty by a jury. (Formatting altered.) Thus, he contends that the evidence was relevant because it "tended to make it less probable that he sexually assaulted [George] in Florida while also diminishing [George's] credibility before the jury." Likewise, Karas asserts that the evidence was "fundamental" to his defense because, without it, "the jury was likely left with the impression that Mr. Karas was convicted of lewd and lascivious molestation of [George] because he was … guilty."

¶32 We disagree with Karas that the circuit court's decision to exclude the nature and sentence related to his Florida conviction violated his due process right to present a defense. The court's exclusion of Karas' evidence was not arbitrary or disproportionate because the court reasonably determined that this evidence was inadmissible under WIS. STAT. §§ 904.01 and 904.03. *See Muckerheide*, 298 Wis. 2d 553, ¶41. In reaching this conclusion, the court considered the applicable law, applied the pertinent facts, and reached a reasonable determination. *See Manuel*, 281 Wis. 2d 554, ¶24.

¶33 A no-contest plea is "an implied confession of guilt for the purposes of the case to support a judgment of conviction," meaning the defendant acknowledges that the State could meet its burden of proving guilt beyond a reasonable doubt. *State v. Black*, 2001 WI 31, ¶15, 242 Wis. 2d 126, 624 N.W.2d 363 (citation omitted); *Hernandez v. Florida*, 112 So. 3d 572, 574 (Fla. Dist. Ct. App. 2013) (stating that a "plea of nolo contendere … is an admission of guilt for the purposes of the case" (citation omitted)); *United Brotherhood of Carpenters & Joiners of Am. v. United States*, 330 U.S. 395, 412 n.26 (1947) ("Nolo contendere 'is an admission of guilt for the purposes of the case.'" (citation omitted)).

16

¶34    We agree with the State that the admission of the no-contest plea or the sentence Karas received in the Florida case would have permitted the jury to infer that "the reasonable doubt standard was nevertheless satisfied. Informing the jury of the no[-]contest plea would … certainly not make George less credible." Whether Karas entered that plea to avoid a lengthy prison sentence does not subtract from the fact that he conceded, by entering the plea, that the state of Florida could prove its case beyond a reasonable doubt. Thus, evidence of the no-contest plea and the sentence Karas received was not relevant to whether he sexually assaulted George in this case.

¶35    Moreover, admission of the nature of Karas' Florida conviction and the sentence he received would likely confuse or mislead the jury because the no-contest plea was an admission that the state of Florida could meet its burden in that case. The circuit court also reasonably determined that the jury would be confused or misled because it would need to be explained the meaning of a no-contest plea and how a no-contest plea differs from a guilty plea or an *Alford*[11] plea. As explained, these distinctions were not necessary or relevant.

¶36    For all of these reasons, the circuit court's decision to exclude Karas' evidence on relevancy and confusion of the issues was not arbitrary or disproportionate.

## III.  Other-acts evidence

¶37    Next, Karas challenges the circuit court's decision to admit Karas' sexual assaults of John and Jake as other-acts evidence. *See supra* note 8. The

---

[11] *See **North Carolina v. Alford**, 400 U.S. 25 (1970).

court granted the State's motion to admit evidence that Karas sexually assaulted John in Vilas County between 2008 and 2010, when John was between the age of ten and twelve. According to the State, John was a "vacation guest in the defendant's Boulder Junction cabin" when Karas "pulled" John into Karas' bed, stuck his hand down John's pants, and touched John's penis. The State further alleged that Karas kissed John and whispered to him, "I like you." As to Jake, the State alleged that he accompanied Karas on a vacation to Disney World in May 2008, when Jake was ten years old. During that trip, on five occasions, Karas invited Jake to lie in his bed, Karas began to kiss Jake's face and rub his chest, and Karas "fondled" Jake's genitals.

¶38 The circuit court found under the first prong of the *Sullivan* analysis that the other-acts evidence was admissible to demonstrate intent, absence of mistake, and "proof of motive (sexual gratification)." The court stated, "The requirement to show acceptable purpose is not extraordinary and is bolstered here by the greater latitude rule." Under the second prong, the court found that the evidence was relevant because, among other things, the allegations in this case shared similarities with the allegations made by John and Jake. The court stated that each allegation involved "sexual assaults of young boys under circumstances of assumed trust and in locations where the victims were outside of their 'protective zone.'"

¶39 Lastly, the circuit court found that the probative value of the evidence was not outweighed by the risk of confusion, delay, waste of time, or misleading the jury. Particularly, the court stated that the case would not become one of "multiple trials" on the other-acts evidence and that the evidence would not cause confusion or mislead the jury. The court noted that it would instruct the jury as to the issues being tried and "as to any cautions necessary." Furthermore, the

court found that the evidence would not be unfairly prejudicial because "[p]roving motive, or intent, or absence of mistake by reference to other acts which are similar does not improperly influence or affect the jury." The court also stated that its decision to admit the evidence despite "minimal" risk of unfair prejudice was "bolstered" by the greater latitude rule.

¶40 Karas contends that the State failed to meet its burden under the *Sullivan* test because motive, intent, and absence of mistake were not at issue and the other-acts evidence was therefore not admitted for a proper purpose and was irrelevant. Karas also asserts that the probative value of the evidence was outweighed by the risk of unfair prejudice and confusion of the issues.

¶41 Under the first step of the *Sullivan* test, a circuit court must consider whether the evidence is offered for an acceptable purpose, such as establishing motive, opportunity, intent, preparation, plan, knowledge, or absence of mistake or accident. *State v. Payano*, 2009 WI 86, ¶60, 320 Wis. 2d 348, 768 N.W.2d 832; *see also* WIS. STAT. § 904.04(2)(a). Unlike the admission of evidence of a prior conviction pursuant to § 904.04(2)(b)2., other-acts evidence may not be admitted "to prove the character of a person in order to show that the person acted in conformity therewith." *See* § 904.04(2)(a). "As long as the proponent [of the other-acts evidence] identifies one acceptable purpose for admission of the evidence that is not related to the forbidden character inference, the first step is satisfied." *Payano*, 320 Wis. 2d 348, ¶63 (footnote omitted). The greater latitude rule applies to each prong of the *Sullivan* test, allowing "admission of other-acts evidence with greater latitude." *State v. Dorsey*, 2018 WI 10, ¶5, 379 Wis. 2d 386, 906 N.W.2d 158; § 904.04(2)(b)1.

19

¶42 Here, the circuit court did not erroneously exercise its discretion under the first *Sullivan* prong. The court reasonably determined that the other-acts evidence was offered by the State to prove intent and "proof of motive (sexual gratification)." Motive and intent are listed as permissible purposes under WIS. STAT. § 904.04(2)(a). "Thus, the evidence was offered for a permissible purpose." *See Dorsey*, 379 Wis. 2d 386, ¶42.

¶43 "The second step in the *Sullivan* analysis is to assess whether the evidence is relevant as defined by WIS. STAT. § 904.01." *Payano*, 320 Wis. 2d 348, ¶67. "Because other[-]acts evidence is inherently relevant to prove character and therefore a propensity to behave accordingly, 'the real issue is whether the other act is relevant to anything else.'" *Id.* (formatting altered; citation omitted). "[F]or evidence to be relevant, the following questions must be answered affirmatively: '(1) is the proposition for which the evidence is offered of consequence to the determination of the action' and (2) does the evidence have probative value when offered for that purpose?" *Id.*, ¶68 (citation omitted).

¶44 The circuit court did not erroneously exercise its discretion under the second *Sullivan* prong. The court determined that the other-acts evidence "shed light on the subject of inquiry" in terms of intent. This was a conclusion that a reasonable judge could reach. "Whether other-acts evidence is 'of consequence' asks whether it is logically related to an element of the offense, that is, whether, under the substantive law, it is related to 'the ultimate facts and links in the chain of inferences that are of consequence to the case.'" *Dorsey*, 379 Wis. 2d 386, ¶48 (citation omitted). The State was required to prove, among other things, that Karas acted with the intent to become sexually aroused or gratified when he assaulted George and Nick. *See id.* ("[A]n element of a crime constitutes a consequential fact that the State must prove even if the defendant does not dispute

the element." (alteration in original; citation omitted)); *Payano*, 320 Wis. 2d 348, ¶69 & n.15 (same).

¶45 "Similarly, although motive is not specifically an element of a crime that the State must prove, here it is logically related to the element of intent." *See Dorsey*, 379 Wis. 2d 386, ¶48. "'Intent' is defined as having a requisite 'mental purpose.' Motive is relevant to establishing purpose. 'Evidence relevant to motive is therefore admissible, whether or not defendant disputes motive.'" *Id.* (citations omitted). Thus, particularly in the context of the greater latitude rule, the other-acts evidence demonstrated Karas' motivation for taking George and Nick on vacations and his intent to become sexually aroused or gratified.

¶46 In addition, the circuit court reasonably determined that evidence of Karas sexually assaulting John and Jake on trips similar to those involving George and Nick was of great probative value, particularly in light of the greater latitude rule. "The second question relating to probative value—whether the consequential fact or proposition for which the evidence was offered becomes more or less probable than it would be without the evidence—'is a common sense determination based less on legal precedent than life experiences.'" *Payano*, 320 Wis. 2d 348, ¶70 (citation omitted). The assaults of John and Jake and the charged assaults of George and Nick all occurred on Karas' trips with young boys under the age of twelve and involved similar acts of sexual assault. Thus, the admission of the other-acts evidence made the State's claim that Karas sexually assaulted George and Nick more probable than it would have been without the other-acts evidence. *See id.*, ¶76.

¶47 Karas argues that the State's "true intention" behind introducing the other-acts evidence, as demonstrated by the State's closing argument, "was to

21

argue that Mr. Karas had a propensity to sexual assault prepubescent boys" and that he escaped punishment. However, Karas did not object to the State's closing argument. Even if the State attempted to utilize the evidence in its closing argument for an improper purpose, the circuit court admitted the evidence under the first and second steps of the *Sullivan* analysis based on permissible purposes. It was Karas' duty to raise any objections to the State exceeding the court's pretrial ruling, but he failed to do so.[12]

¶48 When other-acts evidence is relevant and offered for a proper purpose, "the evidence is admissible under *Sullivan* unless the opponent demonstrates that 'its probative value is *substantially outweighed* by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.'" *Payano*, 320 Wis. 2d 348, ¶80 (footnote omitted; citation omitted). "The term 'substantially' indicates that if the probative value of the evidence is close or equal to its unfair prejudicial effect, the evidence must be admitted." *Id.* (formatting altered; citation omitted).

¶49 Karas argues that the other-acts evidence was unfairly prejudicial because it "created a situation where Mr. Karas, in order to have a chance of securing an acquittal, had to discredit two additional allegations of sexual misconduct that were not incorporated as charged counts in the State's Information." In addition, Karas contends that the other-acts evidence "confused the issues and invited the jury to find Mr. Karas guilty" using character evidence.

---

[12] Karas does not raise challenges to the State's closing argument under the plain error doctrine or ineffective assistance of trial counsel.

22

¶50 Karas' arguments disregard our standard of review and the greater latitude rule afforded under WIS. STAT. § 904.04(2)(b)1. As explained, the circuit court reasonably concluded that the other-acts evidence was highly probative. The court also reasonably determined that the probative value was not substantially outweighed by the risk of unfair prejudice because the evidence assisted the jury with issues such as intent and motive. In other words, the court concluded that the other-acts evidence would "not improperly influence … the jury."

¶51 Likewise, the circuit court limited any unfair prejudice by providing a cautionary instruction at the close of evidence. The court instructed the jury that if it found that Karas had sexually assaulted John and Jake, the jury "should consider [the evidence] only on the issues of motive, intent, absence of mistake or accident." The court told the jury that it could not "consider this evidence to conclude that the defendant has a certain character or a certain character trait and that the defendant acted in conformity with that trait or character with respect to the offense charged in this case." We presume that jurors follow the instructions given by a court, and a cautionary instruction "can go 'far to cure any adverse effect attendant with the admission of the [other-acts] evidence.'" *See Dorsey*, 379 Wis. 2d 386, ¶55 (alteration in original; citation omitted). In light of the probative value of the other-acts evidence, the greater latitude rule, and the cautionary instruction, we cannot conclude that the court erroneously exercised its discretion under the third prong of the *Sullivan* analysis.

## IV. Sufficiency of the evidence

¶52 Finally, Karas argues that the evidence presented at trial was insufficient to prove the charged conduct beyond a reasonable doubt. "The question of whether the evidence was sufficient to sustain a verdict of guilt in a

criminal prosecution is a question of law, subject to our de novo review." ***State v. Smith***, 2012 WI 91, ¶24, 342 Wis. 2d 710, 817 N.W.2d 410. "When conducting such a review, we consider the evidence in the light most favorable to the State and reverse the conviction only where the evidence 'is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt.'" ***Id.*** (quoting ***State v. Poellinger***, 153 Wis. 2d 493, 507, 451 N.W.2d 752 (1990)). Therefore, we "will uphold the conviction if there is any reasonable hypothesis that supports it." ***Id.***

¶53 Karas does not challenge the sufficiency of the evidence as to any particular element of the crimes charged. Instead, his arguments on appeal focus on what he claims are inconsistent and improbable accusations by George and Nick, and he contends that George and Nick colluded against him. Karas argues that "[g]iven the close relationship and prior conversations between" George and Nick, "it is very possible that these individuals colluded, or at the very least, discussed their respective allegations before and during the trial." Karas also states that given George's "admission" at trial "that he continuously lied about the extent and nature of the allegations to his family and law enforcement, no reasonable trier of fact could have found" George's "testimony to be credible or coherent enough to warrant a conviction." Further, Karas argues that the evidence was insufficient to support a finding of guilt because "law enforcement did not uncover any videos, audio recordings, DNA samples, or eyewitnesses to corroborate" the victims' accusations.

¶54 We reject Karas' arguments. "[A]n appellate court must accept and follow the inference drawn by the trier of fact unless the evidence on which that inference is based is incredible as a matter of law." ***Poellinger***, 153 Wis. 2d at 506-07. It is not the function of an appellate court "to review questions as to

weight of testimony and credibility of witnesses. These are matters to be determined by the trier of fact and their determination will not be disturbed where more than one reasonable inference can be drawn from credible evidence." *Johnson v. Merta*, 95 Wis. 2d 141, 151, 289 N.W.2d 813 (1980).

¶55 George and Nick both testified that Karas touched their penises in a sexual manner when they were under 13 years old. Their testimony was sufficient to find Karas guilty beyond a reasonable doubt. *See* WIS. STAT. § 948.02(1)(e); WIS. STAT. § 948.01(5) (defining sexual contact); WIS JI—CRIMINAL 2102E (2015). The jury clearly believed George and Nick and found them both credible. We will not reverse Karas' judgment of conviction simply because he disagrees with the jury.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.